UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY HALL, | ) | 3:25-CV-988 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN CARON et al, | ) | |
| *Defendants*. | ) | November 12, 2025 |

## INITIAL REVIEW ORDER

*Pro se* Plaintiff Jeffrey Hall filed this civil rights action under 42 U.S.C. § 1983 while incarcerated at Carl Robinson Correctional Institution ("Robinson C.I."). Plaintiff names as defendants Connecticut Department of Correction ("DOC") District Administrator Washington, and two DOC employees who work at Robinson C.I.: Warden Caron and ADA Sexton. Compl., ECF No. 1. Plaintiff alleges that Defendants tampered with his attorney-client correspondence on two occasions and when he filed grievances concerning the tampering, they were not properly investigated. Plaintiff does not specify whether he sues Defendants in their individual or official capacities but requests injunctive relief in the form of the Court ordering a full investigation into his claims. *Id.* at 6.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the

Complaint and conducted an initial review pursuant to 28 U.S.C. § 1915A.[1] Based on this initial review, the Court orders as follows.

I.      **FACTUAL BACKGROUND**

The publicly available information on the DOC website shows that Plaintiff is a sentenced inmate currently housed at Willard-Cybulski Correctional Institution ("Willard").[2]

The Court summarizes the few facts Plaintiff has provided in his complaint regarding his attorney correspondence interference claim.

Plaintiff states: "[o]n two separate occasions my attorney-client legal correspondences were violated." Compl., ECF No. 1 at 4. He alleges no further facts about how or when these violations occurred. For his first cause of action, Plaintiff refers the Court to read page one of document 21 filed in the now closed case No. 3:24-mc-119 (VDO), formerly before Judge Oliver in this District. *Id.*

Then, for his second cause of action, Plaintiff again refers the Court to read page one of document 21 filed in Case No. 3:24-mc-119 (VDO). *Id.* at 5. Plaintiff alleges that his Level 2 grievance disposition, presumably about the alleged mail tampering, shows inconsistent dates and

---

[1] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint that includes only "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

[2] The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425 (KAD), 2023 WL 1818545, at *2 n.1 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information). The publicly available DOC website shows that Plaintiff was sentenced on April 19, 2016, to a twenty-year term of incarceration. *See* https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=397697 (last visited November 12, 2025); *see also* Change of Address, ECF No. 22 at 1.

that District Administrator Washington denied his Level 2 Grievance without investigation of his claims or the reason why Warden Caron allegedly ignored his inmate request form until he filed a Level 1 Grievance.  *Id.*  In his request for relief, Plaintiff requests a "full federal investigation" in consultation with assigned counsel.  *Id.* at 6.

## II.     DISCUSSION

Even considering the special solicitude owed to *pro se* litigants, Plaintiff is still required to comply with the Federal Rules of Civil Procedure, including Rule 8.  *See Triestman*, 470 F.3d at 474–77.  Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and it must provide "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (alteration and citation omitted).  Rule 8 requires a statement for relief to be plain "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Implicit in the language of Rule 8 is that these requirements must be met *within the complaint itself*, not by references throughout the complaint to extraneous documents filed across multiple other dockets.  Neither the Court nor Defendants should be required to determine the facts relevant to this case or parse out the claims against them by reviewing documents filed in a separate closed case in this District.  *See Salahuddin*, 861 F.2d at 42 (noting a complaint should not place "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.").  Plaintiff's complaint, in its barebones recitation of facts and references to pleadings included in, among other cases, a closed case before

Judge Oliver, does not comply with Rule 8's requirements. Nevertheless, the Court will consider whether his complaint may proceed.

Because Plaintiff has only requested injunctive relief and has since been transferred to Willard, his complaint must be dismissed. Plaintiff's sole requested relief is for a "full federal investigation." ECF No. 1 at 6. The Court construes this request as a request for injunctive relief in the form of an order for investigation into the alleged interference with his legal mail on two occasions. "[A]n inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006), *abrogated on other grounds as recognized by Kravitz v. Purcell*, 87 F.4th 111, 119, 122 (2d Cir. 2023). Thus, because Plaintiff has been transferred to Willard and seeks only injunctive relief against Robinson C.I. employees, Plaintiff's claims for injunctive relief is now moot.

## III.  CONCLUSION

For these reasons, Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).

If Plaintiff wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed to attempt to state a viable claim, Plaintiff may file an amended complaint that complies with Rule 8 by **December 3, 2025**. If an amended complaint is not filed by that deadline, the Court will close this case.

Plaintiff must assert all of his factual allegations and claims for relief against the defendants in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him and eliminating the confusing nature of "piecemeal" amended complaints. *Inkel v. Lamont*, No. 3:22-CV-00439 (SVN), 2022 WL 3910814, at *1 (D. Conn.

Aug. 31, 2022). Plaintiff's amended complaint must allege concise facts in numbered paragraphs to describe how each defendant violated his rights. *See* Fed. R. Civ. P. 10(b). An amended complaint, if filed, will completely replace the complaint, and the Court will not consider any allegations made in the original complaint in evaluating any amended complaint.

The clerk is instructed to send Plaintiff this District's approved prisoner *pro se* amended complaint form.

**Changes of Address.** If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(d)(2) requires that Plaintiff **MUST** notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.

**SO ORDERED** at Hartford, Connecticut, this 12th day of November, 2025.

                                                 */s/ Sarala V. Nagala*
                                                 SARALA V. NAGALA
                                                 UNITED STATES DISTRICT JUDGE